Dennis P. Riordan (SBN 69320)
Donald M. Horgan (SBN 121547)
Gary K. Dubcoff (SBN 168089)
Riordan & Horgan
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
E-mail: dennis@riordan-horgan.com

Counsel for Petitioner
BARBARA ANN SALDINGER

FILED

JUL 20 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA ANN SALDINGER,<br><br>Petitioner,<br><br>v.<br><br>SANTA CRUZ COUNTY SUPERIOR COURT,<br><br>Respondent. | Case No. CV 10-3147 SBA<br><br>**NOTICE OF MOTION AND MOTION FOR EMERGENCY STAY OF PETITIONER'S 60 DAY JAIL SENTENCE PENDING DECISION OF HER PETITION FOR A WRIT OF HABEAS CORPUS** |

TO: SANTA CRUZ COUNTY SUPERIOR COURT, RESPONDENT; AND EDMUND G. BROWN, JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, COUNSEL FOR RESPONDENT:

PLEASE TAKE NOTICE that petitioner Barbara Ann Saldinger (hereinafter "Dr. Saldinger" or "petitioner"), by and through her counsel Dennis P. Riordan, will move this Court for an emergency order staying the execution of petitioner's 60 day jail sentence pending this Court's decision of her petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This motion will be made on the basis of the accompanying memorandum of points and authorities, the pleadings previously filed in this matter, and any argument and evidence presented at the hearing on this motion.

//

//

**Motion for Stay Pending Decision on
Petition for Writ of Habeas Corpus**                    1

ORIGINAL

## INTRODUCTION

Petitioner Saldinger filed her pending habeas corpus action on July 19, 2010 raising very substantial federal constitutional challenges to her state misdemeanor conviction for brandishing an imitation weapon. Dr. Saldinger, a licensed surgeon and graduate of the Stanford Medical School, has been and is currently released on bail pending appeal following her state court conviction. She has been ordered to appear at a state court status conference on July 28, 2010, at which appearance it is anticipated that she will be ordered to surrender to serve her 60 day sentence of incarceration. Under state law granting one day good time/work credits for every day served, her actual period of confinement would be 30 days.

Thus, absent a stay of the execution of this sentence, Dr. Saldinger would surely serve the entirety of her jail sentence before this Court has an opportunity to decide the legality of that confinement. *See Boyer v. City of Orlando,* 402 F.2d 966, 968 (1968) (ordering defendant's immediate release pending exhaustion of available remedies and holding that — for defendant's remedies to be "truly effective," "extraordinary action" is called for where "Boyer's sentence would long have been served" before any judicial decision on his constitutional claim.)

"Fed.R.App.P. 23 governs the issue of the release or detention of a prisoner, state or federal, who is collaterally attacking his or her criminal conviction. 9th Cir.R. 23-1. *See Marino v. Vasquez,* 812 F.2d 499, 507 (9th Cir.1987)." *United States v. Mett,* 41 F.3d 1281, 1282 (9th Cir. 1994) Bail is permitted in "extraordinary cases involving special circumstances or a high probability of success." *Id.*, citing *Land v. Deeds,* 878 F.2d 318 (9th Cir. 1989)

This is a case which presents both special circumstances and a substantial likelihood of success on the merits. Petitioner Saldinger has been free on bail for over three years without incident, and presents no risk of flight or danger to the community. As the trial court recognized at sentencing, Dr. Saldinger has "absolutely no criminal history" and does not "pose any future danger." (RT 4/27/07 at 18-20) Furthermore, absent a stay by this Court of the execution of Dr. Saldinger's sentence, her petition for a writ of habeas corpus will be rendered largely moot. If Dr. Saldinger is ordered to begin serving her sentence on July 28, 2010, she will be effectively deprived of her right to challenge the constitutionality of her state incarceration through federal

habeas review because she will in all likelihood serve her entire sentence before this Court can address her petition.

As to the merits of her constitutional claim, Dr. Saldinger was deprived of her right to a meaningful opportunity to present a defense by the trial court's failure to properly instruct the jury on her statutory right to take reasonable measures to defend her property. Dr. Saldinger's right to due process was further violated by the state courts' failure to recognize that a defendant cannot be convicted for engaging in non-criminal and constitutionally protected conduct, as Dr. Saldinger did in exercising her Second Amendment right to possess and display arms. *District of Columbia v. Heller*, __ U.S. __, 128 S.Ct. 2783, 2822 (2008), and *McDonald v. Chicago*, __ U.S. __, 2010 WL 2555188, at *3 (Jun. 28, 2010) A due process violation also appears in that state law did not provide Dr. Saldinger with fair warning that her conduct was criminal. There is a high probability that this Court will find the state appellate court ruling contrary to, and/or an objectively unreasonable application of, controlling federal law within the meaning of 28 U.S.C. § 2254(d).

The state will suffer no prejudice to its interests if petitioner Saldinger remains at liberty. If the Court ultimately denies relief, Dr. Saldinger will, without a doubt, be available to serve her sentence. On the other hand, if she is confined and the Court subsequently finds that her state conviction is invalid, the unconstitutional confinement she will have suffered in the interim will do irreparable damage to petitioner, a medical doctor. The Court should stay the execution of her sentence and order her continued release on existing conditions pending decision of this matter.

## LEGAL STANDARD

"The federal court's authority to release a state prisoner on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself." *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. Cal. 1987) (citing *Ostrer v. United States*, 584 F.2d 594 (2d Cir. 1978)). *See also in re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975); *United States ex rel. Thomas v. New Jersey*, 472 F.2d 735, 743 (3d Cir. 1973), cert. denied, 414 U.S. 878, 94 S. Ct. 121, 38 L. Ed. 2d 123 (1973)

Motion for Stay Pending Decision on
Petition for Writ of Habeas Corpus  3

As recognized in *Land v. Deeds*, 878 F.2d at 318 (9th Cir. 1989), to establish the right to release on recognizance or surety, petitioner Saldinger must demonstrate that she has "raised substantial constitutional claims upon which he has a high probability of success, and also [that] extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (citing *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964) (Douglas, J. on application for bail); *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Woodcock v. Donnelly*, 470 F.2d 93 (1st Cir. 1972) (per curiam); *Benson v. California*, 328 F.2d 159 (9th Cir. 1964); *Boyer v. Orlando*, 402 F.2d 966 (5th Cir. 1968); *Baker v. Sard*, 420 F.2d 1342 (D.C. Cir. 1969)).

*Calley* follows *Aronson*, where Justice Douglas wrote that, "[i]n this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice." *Aronson*, 85 S. Ct. at 6-7.

### A. Dr. Saldinger's Petition Raises Substantial Constitutional Claims Upon Which She Has a High Probability of Success

As her petition in this matter establishes, petitioner Saldinger was convicted in state court of one count of brandishing an imitation firearm in violation of California Penal Code § 417.4 (CT 3/7/07). The jury acquitted her of two other charges: a misdemeanor violation of Penal Code § 417(a)(2) (exhibiting a firearm) and a misdemeanor violation of Penal Code § 148(a)(1) (resisting, obstructing or delaying a peace officer or EMT). The single conviction was based on evidence of actions that Dr. Saldinger took to prevent parties who had trespassed on her property from repeating that illegal conduct, *viz.*: while holding a pellet gun, which was not pointed at any one, she announced she had a right to shoot trespassers.

#### 1. Dr. Saldinger Was Deprived of Her Federal Constitutional Right to Present a Defense by the Trial Court's Failure to Instruct the Jury on Her Theory of the Defense

Petitioner Saldinger appealed her conviction on the ground that instructional errors of federal constitutional dimension had led to the conviction of the defendant for an offense of which she would have been acquitted had she received a fair trial on that charge. Dr. Saldinger

had an absolute right under state law to use reasonable force to prevent a trespass in the manner that she did. The state trial court's refusal to instruct the jury on this defense undoubtedly violated Dr. Saldinger's clearly established, "due process right to present a "meaningful opportunity to present a complete defense." *California v. Trombetta,* 467 U.S. 479, 485 (1984); *see also Holmes v. South Carolina,* 547 U.S. 319, 331 (2006) (affirming defendant's right to have a meaningful opportunity to present a complete defense) (internal quotation marks omitted). This failure to instruct on the theory of the defense, that is, that Dr. Saldinger had the right to use reasonable force to defend her property against a future trespass, had a "substantial or injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Coleman v. Calderon*, 210 F.3d 1047, 1051 (9th Cir. 2000) (if the habeas court is "in grave doubt as to whether the error had such an effect, the petitioner is entitled to the writ") The trial court's holding was thus plainly contrary to, and/or an objectively unreasonable application of, controlling federal law within the meaning of 28 U.S.C. § 2254(d).

    **2.    Dr. Saldinger's Federal Constitutional Right to Due Process Was Also Violated by the State Courts' Unreasonable Failure to Recognize That a Defendant Cannot Be Convicted for Engaging in Conduct That Is Both Non-Criminal and Constitutionally Protected by the Second Amendment**

Had California statutory and case law been respected in this case, it would have provided full protection for the defendant's conduct. Because it was not, the federal constitutional question must be reached. The United States Supreme Court determined in *McDonald v. Chicago, supra,* that the Second Amendment's protections of an individual's right to possess and use a firearm for self-defense recognized in *Heller* have been incorporated into the Fourteenth Amendment's due process clause. California law cannot ban the reasonable use of firearms in defense of one's home, including displaying or pointing a firearm (or, a fortiori, an imitation firearm) at an intruder, without thereby offending the constitutional rights recognized in *Heller* and *McDonald*.

The state appellate panel's affirmance of Dr. Saldinger's conviction raises matters of great public interest. *Amici curiae* concerned with the right to bear arms and to defend one's

Motion for Stay Pending Decision on
Petition for Writ of Habeas Corpus        5

property filed in the state Court of Appeal an amicus pleading in support of Doctor Saldinger's position. (See Exhibit C to Petitioner's July 19, 2010 petition)

### 3. Dr. Saldinger Was Deprived of Her Federal Due Process Right to Fair Warning

For the reasons appearing in Dr. Saldinger's pending petition (at 10-11 [Claim 3]), Dr. Saldinger is also entitled to habeas relief because she was not afforded fair warning as to the criminality of her conduct, a further federal due process violation concerning which the state courts, again, unreasonably denied relief. See, e.g., *United States v. Lanier*, 520 U.S. 259, 266 (1997).

### B. Exceptional Circumstances Exist That Make a Stay of the Execution of Defendant's Sentence Necessary to Effectuate Habeas Review

#### 1. Dr. Saldinger Is Neither a Flight Risk Nor a Danger

The absolute certainty that Dr. Saldinger does not constitute a flight risk or a danger to the community if released on bail constitutes an extraordinary circumstance in itself justifying a stay of the execution of Dr. Saldinger's sentence pending the Court's decision of this matter. Dr. Saldinger has been free on bail for over three years without incident and the trial court expressly acknowledged that she has no criminal history and does not pose any future danger. (RT 4/25/07 at 18-20)

#### 2. Absent a Stay, Dr. Saldinger Risks the Injustice of Serving Her Entire Sentence Before This Court Can Review Her Petition

Furthermore, the probability that Dr. Saldinger will have served the entirety of her sixty day sentence before a decision is made on the merits of her petition justify Dr. Saldinger's continued release at this time. See *Turner v. Yates*, 2006 WL 1097319, 1 (E.D. Cal. 2006) (explaining that exceptional circumstances may be found where petitioner's sentence may be completed before collateral review is completed). In *Boyer v. City of Orlando, supra*, the appellate court noted the clear line of federal authority in defendant's favor and granted Boyer's release pending reconsideration by the state courts. In so doing, the appellate court was seeking to preserve the efficacy of the remedies available to defendant and to avoid the clear injustice of Boyer's having served his sentence before his case could be heard. *Id.*, 402 F.2d at 968.

Likewise, here, absent an order by this Court staying the execution of Dr. Saldinger's sentence on July 28, 2010, Dr. Saldinger will suffer the clear injustice of serving her sentence before she can effectively pursue relief in this Court.

## CONCLUSION

For the foregoing reasons, Dr. Saldinger respectfully asks this Court to order the execution of her sentence stayed and to continue her release on bail on existing conditions pending decision of her Petition for Writ of Habeas Corpus by this Court.

Dated: July 20, 2010

Respectfully submitted,

RIORDAN & HORGAN

By: Dennis P. Riordan

Counsel for Petitioner
BARBARA ANN SALDINGER

# PROOF OF SERVICE BY MAIL -- 1013(a), 2015.5 C.C.P.

Re: *Saldinger v. Santa Cruz Superior Court* No. CV 10 3147 SBA

I am a citizen of the United States; my business address is 523 Octavia Street, San Francisco, California 94102. I am employed in the City and County of San Francisco, where this mailing occurs; I am over the age of eighteen years and not a party to the within cause. I served the within

**NOTICE OF MOTION AND MOTION FOR EMERGENCY STAY OF PETITIONER'S 60 DAY JAIL SENTENCE PENDING DECISION OF HER PETITION FOR A WRIT OF HABEAS CORPUS**

on the following person(s) on the date set forth below, by placing a true copy thereof enclosed in a sealed envelope, and serving on said party(ies), as follows:

| | |
|---|---|
| Edmund G. Brown, Jr.<br>Attorney General<br>455 Golden Gate Avenue, Room 11000<br>San Francisco, CA 94102 | Clerk of the Superior Court<br>County of Santa Cruz<br>701 Ocean Street<br>Santa Cruz, CA 95060 |

Bob Lee
District Attorney
County of Santa Cruz
Kristina Oven
Deputy District Attorney
701 Ocean Street, Room 200
Santa Cruz, CA 95060

_x_   **BY MAIL:** By depositing said envelope, with postage thereon fully prepaid, in the United States mail in San Francisco, California, addressed to said party(ies);

__   **BY PERSONAL SERVICE:** By causing said envelope to be personally served

__ By Federal Express Delivery    __ By Hand Delivery    __ By Fax

Executed in San Francisco, California on July 20, 2010. I declare, under penalty or perjury, that the foregoing is true and correct.

*/s/ Jocilene Yue*
Jocilene Yue