UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BARBARA ANN SALDINGER,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>SANTA CRUZ COUNTY SUPERIOR COURT,<br><br>　　　　Respondent. | Case No: C 10-3147 SBA<br><br>**ORDER**<br><br>Docket 15 |

The parties are presently before the Court on Petitioner Barbara Ann Saldinger's ("Petitioner") motion to stay the remainder of her jail sentence pending resolution of her petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having read and considered the papers filed in connection with this matter and being fully informed, for the reasons stated below, the Court hereby DENIES Petitioner's motion.

**I.      BACKGROUND**

In about 2006, a property dispute arose between Petitioner and her neighbor Janette Magoc. Docket 7. Petitioner and her husband were excavating portions of land that Magoc believed belonged to her grandmother. Id. When Magoc was showing the excavated land to a friend, Linda Nikiforak, Petitioner told them to "get off our property," taking a BB gun from her husband and walking toward the two women. Id. The women retreated and Petitioner followed with her BB gun, further insisting that the women stay off the property.

Id.  Petitioner was charged with a misdemeanor for brandishing an imitation firearm in violation of California Penal Code §417.4.  Id.  In March 2007, she was convicted after a jury trial in Santa Cruz Superior Court.  Id.  On April 25, 2007, she was sentenced to sixty-days in jail.  Id.  She appealed her sentence, which was stayed pending appeal.  Id.  On May 13, 2010, her conviction was affirmed.  Id.

After the denial of her requests for rehearing and certification, as well as her state-court habeas corpus petition, on July 19, 2010, Petitioner filed a petition for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254.  Docket 2.  She contends that her due process rights were violated when the trial court failed to instruct the jury on defense of habitation; her conviction violates the Second Amendment, which allegedly gives her the right to possess and display firearms; and her due process rights were violated because she did not have fair notice that her conduct was criminal.  Docket 15.  On July 20, 2010, Petitioner filed a motion for an emergency stay of her 60-day jail sentence.  Docket 2.  On August 24, 2010, the Court denied Petitioner's motion on the grounds that she had failed to show a high probability of success on her petition and the existence of special circumstances entitling her to a stay.  Docket 7.  Petitioner's instant habeas corpus petition is currently under submission before the Court.

On January 27, 2011, Petitioner filed another motion to stay, seeking to stay the remaining eleven days of her jail sentence as a result of an injury to her dominant hand.  Docket 15.  In her motion papers, Petitioner indicates that she was assigned to a work release program that reduced her sixty-day sentence to twenty-nine days.  Docket 15-1.  She was assigned to the Saratoga Summit Fire Station site for the Santa Cruz County Work Release Program on Mondays and Tuesdays from August 23, 2010 through November 29, 2010.  Id.  On October 25, 2010, while clearing a felled tree as a part of her work release, Petitioner injured her hand, and later that day she obtained a note from her orthopedic surgeon confirming the injury.  Id.  Plaintiff seeks a stay of her remaining term in light of her injury.  Id.  In opposition to the stay, the State argues that Petitioner has failed to satisfy the legal standard for a stay and failed to mention that the work release program re-assigned

1  her to a Goodwill center in Santa Cruz.  Docket 16; id. 16-1, Ex. 1.  In reply, Petitioner
2  claims that her work at the Goodwill center will require work with her injured hand, but
3  does not detail or substantiate the potential harm that she may suffer by such work.  Docket
4  17.

## II.     LEGAL STANDARD

There are no federal statutes or rules that address whether a district court may grant release to a petitioner pending its decision on the merits of a habeas petition.  Hall v. San Francisco Sup. Ct., C 09-5299 PJH, 2010 WL 890044, at *2 (N.D. Cal. Mar. 8, 2010) (Hamilton, J.).  The Ninth Circuit has not yet decided whether a district court has authority to release a petitioner pending its decision.  Id.; In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001) (assuming without deciding that district court has discretion to release petitioner pending decision on merits of petition for writ of habeas corpus).  Every circuit that has addressed the issue has held that district courts possess such discretionary authority.  Hall, 2010 WL 890044, at *2 (citing cases).  To obtain relief, the petition must demonstrate (1) there is a high probability of success on a claim that raises a substantial question, and (2) extraordinary special circumstances exist.  Id.  Discretion to release the petitioner is to be used sparingly.  Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985).

## III.    DISCUSSION

Plaintiff fails to make an adequate showing of a high probability of success on a claim that raises a substantial question.  In her motion for a stay, Plaintiff does not proffer specific arguments, supported by citation to the record and legal authority, about how her asserted claims have a high probability of success.  The extent of her showing in her motion to stay consists of a conclusory reference to her petition and traverse with no explanation about how the arguments therein have a high probability of success.   Such an argument is insufficient to satisfy the first requirement for a stay.  In a addition, Plaintiff has failed to address this Court's analysis in its Order denying Plaintiff's first motion for a stay that concluded Plaintiff had not established a high probability of success.  Docket 7.  It is not the role of this Court to make the parties' arguments for them.  See Indep. Towers of Wash.

1  v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the
2  advocates to inform the discussion and raise the issues to the court.").  Therefore,
3  Petitioner's failure to establish a high probability of success on the merits is fatal to her
4  motion for a stay.
5      Also fatal to her motion for a stay is the fact that Plaintiff fails to show extraordinary
6  special circumstances.  She has not submitted any evidence establishing that her re-
7  assignment to the Goodwill center will exacerbate the injury she sustained to her hand, not
8  even a note from her orthopedic surgeon.  Without such evidence, Plaintiff fails to meet her
9  obligation of demonstrating the existence of the second element necessary before any stay
10 may be considered.

**IV.   CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.   Petitioner's motion for a stay is DENIED.

2.   This Order terminates Docket 15.

IT IS SO ORDERED.

Dated: August 25, 2011                        _____
                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

- 4 -